UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael Ruiz,

Plaintiff,

v.

City of New York, et al.,

Defendants.

26-CV-4018 (DEH)

ORDER

DALE E. HO, United States District Judge:

Before the Court are the parties' letter briefs concerning Defendants' request for a stay of discovery pending an anticipated motion to dismiss Plaintiffs' complaint. *See* ECF Nos. 28, 30. For the reasons stated below, Defendants' request is **GRANTED**.

"Although, in general, a motion to dismiss does not automatically stay discovery, upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to [Federal Rule of Civil Procedure] 26(c)." *Broccoli v. Ashworth*, No. 2-cv-6931, 2023 WL 6795232, at *1 (S.D.N.Y. Oct. 11, 2023) (quoting *K.A. v. City of New York*, No. 16-cv-4936, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022)). "The party seeking the stay—here, defendants—must establish good cause for the stay." *K.A.*, 2022 WL 3996710, at *2. "In evaluating good cause, courts will consider: (1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *Id.*

After closely reviewing the parties' submissions, the Court concludes that a stay of discovery is warranted here. Based on the parties' letter briefs, at this preliminary posture, the Court finds the first and third factors to be in relative equipoise. Ultimately, without taking a conclusive position on the merits of Defendants' anticipated motion to dismiss, the Court

concludes that Defendants have made a sufficient showing to meet their burden in seeking a stay of discovery. "[I]t is clear to the Court that 'the resolution of the [anticipated] motion to dismiss may dispose of the entire action.'" *Broccoli*, 2023 WL 6795232, at *2 (quoting *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-cv-377, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022)). Defendants' "motion to dismiss [would raise] several potentially viable defenses to the Complaint." *Negrete v. Citibank N.A.*, No. 15-cv-7250, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015). These arguments "are at least sufficient to establish that the Defendants have 'substantial arguments for dismissal of many, if not all, of the claims asserted.'" *Id.* (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).

Therefore, for the reasons discussed above, Defendants' request to stay discovery is **GRANTED**. Discovery in this matter shall be stayed pending the Court's resolution of Defendants' anticipated motion to dismiss. Accordingly, the Initial Pretrial Conference currently scheduled for October 1, 2026 is hereby **ADJOURNED** until further notice after the Court's disposition of Defendants' anticipated motion to dismiss. The Clerk of Court is respectfully directed to close ECF No. 28.

SO ORDERED.

Dated: September 28, 2026
New York, New York

DALE E. HO
United States District Judge